UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MYPARKINGTICKETS.COM LLC,

                Plaintiff,

    -against-

THE CITY OF NEW YORK,

                Defendant.

24-CV-0397 (LTS)

ORDER DIRECTING UPDATED ADDRESS

LAURA TAYLOR SWAIN, Chief United States District Judge:

        The complaint in this action was originally filed in the United States District Court for the Eastern District of Pennsylvania. *See Myparkingtickets.com LLC v. City of New York*, No. 2:23-CV-5195 (E.D. Pa. Jan. 11, 2024). By order dated January 11, 2024, the Eastern District of Pennsylvania transferred this action to this court. (ECF 3.) The complaint is captioned as being brought on behalf of "Myparkingtickets.com LLC," but the Eastern District of Pennsylvania's docket indicates that the complaint was actually filed by Fritz Gerald Toussaint, an individual with an extensive litigation in this and other federal district courts. Court records available on the Public Access to Court Electronic Records ("PACER") database show that Toussaint filed at least 20 actions in the Eastern District of Pennsylvania around the same time he filed this complaint. Moreover, the complaint in this action bears Toussaint's distinct handwriting and the address listed on the complaint matches the address frequently used by Toussaint in this court and other courts around the country. The Court therefore finds that this action was filed by Fritz Gerald Toussaint. For the reasons set forth below, the Court directs Toussaint to provide the Court with a valid current address within 30 days of the date of this order.

## DISCUSSION

In the complaint, Toussaint lists his address as 6522 El Cajon Blvd., St. 124, PMB 137, San Diego, California 92115 (the "San Diego address"). (*See* ECF 1.) Toussaint's litigation history amply demonstrates that the San Diego address is not a valid address for Toussaint. *See, e.g.*, *Toussaint v. New York Pub. Library*, ECF 1:23-CV-1507, 8 (LTS) (S.D.N.Y. July 5, 2023) (dismissing the case under Fed. R. Civ. P. 41(b) for failure to comply with order directing a current address after mail was returned); *Toussaint v. Maryland Dep't of Transp.*, No. 23-CV-0271 (D. Md. Mar. 21, 2023) ("Toussaint has changed his address and no notice has been received from him indicating where he may now be reached. Consequently, the instant Complaint shall be dismissed without prejudice."); *Toussaint v. Pearl Asset Mgmt.*, No. 3:22-CV-1341 (S.D. Cal. Mar. 21, 2023) (order dismissing action without prejudice pursuant to Civil Local Rule 83.11, which requires a *pro se* party to "keep the Court and opposing parties advised as to current address . . . and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of the plaintiff's current address, the Court may dismiss the action without prejudice for failure to prosecute"); *Toussaint v. Venante*, No. 3:22-CV-0245 (S.D. Cal. June 7, 2022) (same); *Toussaint v. Regus Grp. Cos.*, ECF 1:22-CV-2920, 3 (LTS) (S.D.N.Y. May 27, 2022) (dismissing complaint after order directing fees or IFP application was returned as undeliverable); *see also Toussaint v. Tesla*, No. 3:23-CV-1010 (S.D. Cal. June 13, 2023) (docket note indicating that order of dismissal sent to Toussaint at San Diego address was returned as undeliverable); *Toussaint v. Benhoelfer*, No. 3:22-CV-0634 (S.D. Cal. June 2, 2022) (same); *Toussaint v. Mays-Stovall*, No. 2:22-CV-2233 (D.N.J. May 20, 2022) (same). Toussaint provided the San Diego address as his address of record in each of the cases cited above.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* for failure to prosecute, as long as the court notifies the plaintiff. *LeSane v.*

*Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). A court may dismiss an action under Fed. R. Civ. P. 41(b), if the plaintiff fails to notify the court of a new address and the court is unable to contact the plaintiff. *See, e.g.*, *Abdallah v. Ragner*, No. 12-CV-8840 (JPO), 2013 WL 7118083, at *4 (S.D.N.Y. Nov. 22, 2013) ("A plaintiff is required to notify the Court when his address changes, and failure to do so is sufficient to justify dismissal of a plaintiff's complaint. . . . If [the plaintiff] does not contact the Court and update his address within the time allowed, this action will be dismissed for failure to prosecute." (citing *Fields v. Beem*, No. 13-CV-0005, 2013 WL 3872834, at *2 (N.D.N.Y. July 24, 2013) (collecting cases))).

Here, based on Toussaint's litigation history, the Court believes that Toussaint has not provided a current valid address when he filed this action. Accordingly, the Court directs Toussaint, within 30 days of the date of this order, to provide the Court with a valid current address. If he fails to do so, the Court will dismiss the action without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

**WARNING**

As discussed above, Toussaint has filed numerous other cases in this court and other courts in which he has failed to provide a valid address. In light of Toussaint's litigation history, the Court finds that he was or should have been aware of the requirement to provide the court with a valid address when he filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, Toussaint is warned that continuing to file litigation in this court without providing a valid address may result in an order directing him to show cause why he should not be barred from filing new actions *in forma pauperis* unless he receives prior permission from the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

Within 30 days of the date of this order, Toussaint must update the Court, in writing, with a valid current address. Failure to do so will result in dismissal of the action without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

Toussaint is warned that continuing to file litigation in this court without providing a valid address may result in an order directing him to show cause why he should not be barred from filing new actions *in forma pauperis* unless he receives prior permission from the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 31, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge